IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MICHAEL L. LAMBERT,

Plaintiff,

v.

WAL-MART STORES, INC., and
DONNA THOMASON,

Defendants.                                       Case No. 14-cv-1124-DRH-SCW

## MEMORANDUM & ORDER

HERNDON, District Judge:

### I.   INTRODUCTION

Pending before the Court is plaintiff's motion to remand this action to the Circuit Court for the Twentieth Judicial Circuit, St. Clair County, Illinois, for lack of subject matter jurisdiction (Doc. 14). Plaintiff Michael L. Lambert argues that defendant Donna Thomason was properly joined and plaintiff is not seeking to fraudulently add Cheryl Deathrow as a defendant in its pending motion (Doc. 13). Defendants responded arguing that plaintiff fraudulently joined Thomason as a party to this suit to defeat diversity jurisdiction (Doc. 24). For the following reasons, the Court **GRANTS** plaintiff's motion to remand.

### II.   BACKGROUND

Plaintiff originally filed an action arising from the same operative facts as the instant case on August 22, 2014, in the Circuit Court of St. Clair County, Illinois (2-2). Plaintiff's initial complaint named Wal-Mart Stores, Inc., and Donna Thomason as defendants for injuries allegedly resulting from a fall in the Sparta, Illinois Wal-Mart, owned by defendant Wal-Mart Stores, Inc., which occurred on January 1, 2014 (Doc. 2-2).

On October 20, 2014, defendants removed this case to the United States District Court for the Southern District of Illinois asserting this Court has diversity jurisdiction under 28 U.S.C. § 1446 (Doc. 2). Defendants argued that plaintiff fraudulently joined Thomason as a party to this suit to defeat diversity jurisdiction. For purposes of 28 U.S.C. § 1332, defendant Thomason, as well as plaintiff, are citizens of the state of Illinois. Wal-Mart Stores, Inc., is a citizen of Delaware, the place of its incorporation, and is also a citizen of Arkansas, its principal place of business (Doc. 2). In support of removal, Thomason provided a sworn affidavit stating that she was not at the store at the time alleged fall and coupled with her duties, she did not owe a duty to plaintiff (Doc. 2-3). Thomason stated that she left the store at 5:00 p.m. on the date in question, roughly thirty minutes prior to the alleged fall.

On December 15, 2014, plaintiff filed a motion to remand (Doc. 14). In support of the motion, plaintiff argues that he and defendant Thomason are both Illinois citizens, and thus complete diversity does not exist. Defendants oppose

remand, arguing plaintiff fraudulently joined Thomason to defeat federal diversity jurisdiction.

### III.   LAW AND APPLICATION

#### a.   Removal

The removal statute, 28 U.S.C. § 1441, is construed narrowly, and doubts concerning removal are resolved in favor of remand. *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993). Defendants bear the burden to present evidence of federal jurisdiction once the existence of that jurisdiction is fairly cast into doubt. *See In re Brand Name Prescription Drugs Antitrust Litig.*, 123 F.3d 599, 607 (7th Cir. 1997). "A defendant meets this burden by supporting [its] allegations of jurisdiction with 'competent proof,' which in [the Seventh Circuit] requires the defendant to offer evidence which proves 'to a reasonable probability that jurisdiction exists.'" *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997)(citations omitted). However, if the district court lacks subject matter jurisdiction, the action must be remanded to state court pursuant to 28 U.S.C. § 1447(c).

The statute regarding diversity jurisdiction, 28 U.S.C. § 1332, requires complete diversity between the parties plus an amount in controversy exceeding $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a)(1); *LM Ins. Corp. v. Spaulding Enters. Inc.,* 533 F.3d 542, 547 (7th Cir. 2008). Complete diversity means that "none of the parties on either side of the litigation may be a citizen of the state of which a party on the other side is a citizen." *Howell v.*

*Tribune Entertainment Co.*, 106 F.3d 215, 217 (7th Cir. 1997) (citations omitted). The monetary threshold is undisputed. The issue is whether complete diversity exists between the parties. Defendants assert that Thomason has been fraudulently joined.

### b. Fraudulent Joinder

To establish fraudulent joinder, "there is no possibility that a plaintiff can state a cause of action against [the] non-diverse defendant[ ] in state court, or where there has been outright fraud in plaintiff's pleading of jurisdictional facts." *Gottlieb v. Westin Hotel Co.,* 990 F.2d 323, 327 (7th Cir.1993). *See also Hoosier Energy Rural Elec. Coop., Inc. v. Amoco Tax Leasing IV Corp.,* 34 F.3d 1310, 1315 (7th Cir.1994); *Smith v. Merck & Co.,* 472 F.Supp.2d 1096, 1098 (S.D. Ill. 2007). The defendant bears a heavy burden in this regard. If the removing defendant establishes fraudulent joinder, "the federal district court considering removal may 'disregard, for jurisdictional purposes, the citizenship of certain non-diverse defendants, assume jurisdiction over a case, dismiss the non-diverse defendants, and thereby retain jurisdiction.'" *Morris v. Nuzzo,* 718 F.3d 660, 666 (7th Cir.2013)(quoting *Schur v. L.A. Weight Loss Ctrs., Inc.,* 577 F.3d 752, 763 (7th Cir. 2009)).

### c. Motion to Remand

In this instance, it is clear that the issue of whether defendant Thomason was fraudulently joined to this action rests on whether Plaintiff can properly bring

a claim for negligence against defendant Donna Thomason. Defendants assert that the only proper party that plaintiff may bring suit against in this instance is Wal-Mart Stores, Inc, and that Thomason did not owe plaintiff a duty of care independent of the duty owed to her employer.

Plaintiff's claims are governed by Illinois substantive law. Accordingly, the Court need not undertake a lengthy choice-of-law analysis and may presume that the claims are governed by the substantive law of Illinois. *See Employers Mut. Cas. Co. v. Skoutaris,* 453 F.3d 915, 923 (7th Cir.2006) (where neither party raised conflict of law issue in diversity action, law of forum state governed). Illinois law allows a plaintiff to maintain a cause of action against a store, a store's manager, or both, on the grounds that they can be found jointly and severally liable. *Lasko v. Meier,* 394 Ill. 71, 67 N.E.2d 162, 166 (Ill.1946)).

A person is not absolved of personal liability to a third party merely because he or she was acting as an employee within the scope of employment at the time of the incident. As store manager of Wal-Mart, Thomason was the company's agent. Under general principles of agency, an agent's breach of a duty to the principal is not itself a basis for holding the agent liable in tort to a third party. However, the Restatement (Third) of Agency § 7.01 states that "an agent is subject to liability to a third party harmed by the agent's tortious conduct… An actor remains subject to liability although the actor acts as an agent or an employee, with actual or apparent authority, or within the scope employment." Restatement (Third) of Agency § 7.01 (2006). The comments to § 7.01 go on to

state that "an agent's individual tort liability extends to negligent acts and omissions as well as to intentional conduct." Restatement (Third) of Agency § 7.01, cmt. b (2006). Thomason will not be held liable simply for being a manager at the Wal-Mart store on the date in question, but she may be liable for breaching an independent duty owed to directly to plaintiff. *Bovan v. Am. Family Life Ins. Co.,* 897 N.E.2d 288, 295 (quoting Restatement (Third) of Agency § 7.02, at 138 (2006)); *Schur v. L.A. Weight Loss Centers, Inc.,* 577 F.3d 752, 766 (7th Cir. 2009).

The Seventh Circuit directs this Court to use a "reasonable possibility" standard to determine if plaintiff could prevail against Thomason. *Poulos v. Naas Foods, Inc.,* 959 F.2d 69, 73 (7th Cir. 1992). When construing the facts and law in a light most favorable to the plaintiff, the Court finds a reasonable possibility that an Illinois state court could rule against Thomason on an independent state tort claim. Thomason was managing the store close in time to plaintiff's injury. A question of fact inferentially remains as to how long the subject matter substance lay on the floor before the plaintiff allegedly slipped. This, coupled with her subordinate's alleged knowledge of the leaking cooler prior to the accident and Thomason's duty to remain "responsible for the overall operation of the store", generate a reasonable probability that plaintiff will prevail against Thomason on an independent negligence claim (Doc. 15).

Therefore, defendant Thomason was not fraudulently joined to plaintiff's suit. As such, the parties are not diverse, and this Court has no subject matter

jurisdiction. Accordingly, the case shall be remanded to the Circuit Court of St. Clair County, Illinois.

## IV. CONCLUSION

For the reasons stated above, the Clarks' motion to remand is **GRANTED** (Doc. 14). This action is **REMANDED** to the Circuit Court for the Twentieth Judicial Circuit, St. Clair County, Illinois for lack of federal subject matter jurisdiction. Defendants' motion to dismiss for lack of personal jurisdiction (Doc. 4) and plaintiff's motion to amend (Doc. 13) are **DENIED as moot.**

**IT IS SO ORDERED.**

Signed this 20th day of January, 2015.

Digitally signed by David R. Herndon
Date: 2015.01.20 13:24:32 -06'00'

**District Judge**
**United States District Court**